UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC,

    Defendants.

CASE NO.: 8:23-cv-1411-KKM-JSS

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BLAKE WARNER (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax") (collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Hillsborough County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff resides within this District, Defendants transact business within this District, and the violations described in this Complaint occurred in this District.

9. Experian is a corporation incorporated under the State of California, authorized to do business in the State of Florida, through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

13. Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

15. Plaintiff is alleged to owe a debt to Verizon Wireless ("Verizon").

16. Plaintiff does not owe any money to Verizon.

17. On August 19, 2022, Plaintiff obtained a copy of his Experian credit report and upon review he became aware of Experian reporting the Verizon partial account number 326206****. The account was being reported with a remark that it was a "collection account. $180 past due as of Jul 2022". Such inaccurate reporting negatively affected Plaintiff's credit score.

18. Shortly thereafter, Plaintiff began to dispute with Experian online concerning the erroneous Verizon partial account number 326206****.

19. Plaintiff felt defeated as the account continued to be reported despite his repeated disputes.

20. On November 30, 2022, Plaintiff obtained a copy of his Experian credit report. Upon review, the Verizon partial account number 326206**** was being now reported with the pay status of "Paid, was a collection account, insurance claim or government claim or was terminated for default". Plaintiff was surprised to see the account with such status as he never made any payments concerning the account. Additionally, when reviewing his November 2022 Experian credit report, it notated that the aforementioned account was disputed by the consumer.

21. On December 22, 2022, Plaintiff obtained a copy of his Equifax credit report. Upon review, the Verizon partial account number 326206**** was being reported with the account status of "Collection". Additionally, when reviewing his

4

December 2022 Equifax credit report, it noted that the aforementioned account was disputed by the consumer.

22. On January 4, 2023, Plaintiff mailed a written letter to Experian and Equifax concerning the inaccurate reporting of the Verizon partial account number 326206****. Plaintiff reiterated that Plaintiff did not owe any money to Verizon. Included in the letter was an image of his driver's license to confirm his identity. Also, provided in the letter were images of his consumer credit report, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming that Verizon was to notify the credit bureaus to remove the account from being reported.

23. Plaintiff mailed the dispute letter via USPS Certified Mail to Experian 9214 8901 4298 0476 9903 01 and to Equifax 9214 8901 4298 0476 9901 65.

24. Despite USPS delivery confirmation, Experian failed to respond to Plaintiff concerning his dispute.

25. On February 1, 2023, Equifax responded to Plaintiff's dispute by stating that the Verizon account was verified as accurate.

26. On April 5, 2023, Plaintiff mailed another detailed dispute letter to Experian and Equifax. Plaintiff continued to affirm to Defendants that he did not owe any money to Verizon. Included in the letter was an image of his driver's license to confirm his identity. Also, provided in the letter were images of his consumer credit report, a copy of his certified mail receipt, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming

that Verizon was to notify the credit bureaus to remove the account from being reported.

27. Plaintiff mailed the dispute letter via USPS Certified Mail to Experian 9214 8901 4298 0481 0399 34 and to Equifax 9214 8901 4298 0481 0399 03.

28. On April 25, 2023, Experian acknowledged having received a request but failed to do an investigation claiming the request "does not appear to have been sent directly by you or to be authorized by you".

29. On May 4, 2023, Plaintiff received a response from Equifax in which the account was again verified as accurate and updated.

30. On June 15, 2023, Plaintiff obtained a copy of his Experian and Equifax credit reports. Despite numerous disputes, Defendants continued to report the Verizon partial account number 326206****. Additionally, when reviewing his June 2023 credit reports, both were notated that the aforementioned account was disputed by the consumer.

31. On June 22, 2023, Plaintiff mailed another detailed dispute letter to Experian and Equifax. Plaintiff continued to affirm to Defendants that he did not owe any money to Verizon. Included in the letter was an image of his driver's license to confirm his identity. Also, provided in the letter were images of his consumer credit report, copy of the results received, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming that Verizon was to notify the credit bureaus to remove the account from being reported.

32. Plaintiff mailed the dispute letter via USPS Certified Mail to Experian 9214 8901 4298 0485 5646 92 and Equifax 9214 8901 4298 0485 5666 72.

33. Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of this Complaint.

34. Defendants have not conducted an actual investigation despite Plaintiff's pleas and instead repeatedly verified the inaccurate information it is reporting or ignored Plaintiff's disputes altogether.

35. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant actions;

    iv. Reduction in credit score;

    v. Apprehensiveness to apply for credit due to the fear of rejection;

    vi. Defamation as Defendants published Plaintiff's inaccurate information to third party entities.

    vii. Plaintiff had actual damages in the form of paid postage, wasted paper and ink for the disputes, and wasted time because of Defendant's violations of the FCRA.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

36. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

38. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

39. Experian's conduct, action, and inaction was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## Violations of 15 U.S.C. § 1681e(b)
## as to Defendant, Experian Information Solutions, Inc. (Willful)

41. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

42. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian's policies fail to mandate an independent investigation by its dispute investigators. Experian employs foreign investigators who by policy, are not allowed to communicate with the consumers disputing the inaccurate information during their investigations. Experian's policies fail to mandate an independent investigation by its dispute investigators.

43. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

44. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681i
## as to Defendant, Experian Information Solutions, Inc. (Negligent)

45. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

46. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

47. Plaintiff repeatedly provided Experian with the information it needed to confirm that the account did not belong to Plaintiff, including but not limited to an email from Verizon confirming the account was inaccurately being reported and relevant supporting documents. Experian ignored this information and instead chose to simply verify the information furnished by Verizon without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

48. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

49. Experian's conduct, action, and inaction was negligent entitling Plaintiff to recover under 15 USC § 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § § 1681o.

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Willful)

51. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

52. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file. Experian does not allow its dispute investigators to communicate with Plaintiff during its investigations.

53. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

54. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § § 1681n.

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT V
### Violations of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services, LLC (Negligent)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

57. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax does not allow its' vendors dispute investigators to communicate directly with the consumers when conducting the alleged investigations.

58. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

59. Equifax's conduct, action, and inaction was negligent entitling Plaintiff to recover under 15 USC § 1681o.

60. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § § 1681o.

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT VI
### Violations of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services, LLC (Willful)

61. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

62. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax employs foreign investigators who by policy, are not allowed to communicate with the consumers disputing the inaccurate information during their investigations. Equifax's policies fail to mandate an independent investigation by its dispute investigators.

63. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

64. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

65. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VII
### Violations of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services, LLC (Negligent)

66. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

67. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable

14

procedures with which to filter and verify disputed information in Plaintiff's credit file.

68.  Plaintiff repeatedly provided Equifax with the information it needed to confirm that the account did not belong to Plaintiff, including but not limited to an email from Verizon confirming the account was inaccurately being reported and relevant supporting documents. Equifax ignored this information and instead chose to simply verify the information furnished by Verizon without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

69.  As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

70.  Equifax's conduct, action, and inaction was negligent, rendering it liable for actual or statutory damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

71.  Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT VIII

## Violations of 15 U.S.C. § 1681i
## as to Defendant, Equifax Information Services, LLC (Willful)

72. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

73. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

74. Plaintiff repeatedly provided Equifax with the information it needed to confirm that the account did not belong to Plaintiff, including but not limited to an email from Verizon confirming the account was inaccurately being reported and relevant supporting documents. Equifax ignored this information and instead chose to simply verify the information furnished by Verizon without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

75. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

76. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

77. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, BLAKE WARNER, demands judgment for actual, statutory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC; for his attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 28th day of June 2023.

Respectfully Submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620

        Georgia Bar #: 617963
        Pennsylvania #: 325066
        The Consumer Lawyers PLLC
        412 E. Madison St, Ste 916
        Tampa, FL 33602
        Cell: (813)299-8537
        Facsimile: (844)951-3933
        Primary Email:
        tav@theconsumerlawyers.com
        Secondary Email:
        Lisa@theconsumerlawyers.com
        *Attorney for Plaintiff*