## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| **BLAKE WARNER,** | |
| **Plaintiff,** | |
| **v.** | |
| **EXPERIAN INFORMATION SOLUTIONS, INC. AND EQUIFAX INFORMATION SERVICES LLC,** | CASE NO: 8:23-cv-01411-KKM-JSS |
| **Defendants.** | |

### EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES[1]

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Amended Complaint and asserts its affirmative and other defenses as follows:

---

[1] Equifax respectfully files this Answer in an abundance of caution while the Court considers Equifax's Unopposed Motion for Reconsideration of the Court's Order dated July 27, 2023, which ordered Plaintiff to file a motion for default. ECF No. 14. Default is not proper because Equifax had not yet been served with the Amended Complaint at the time the Order was entered. On June 23, 2023, Plaintiff filed his Complaint. ECF No. 1. On June 23, 2023, Plaintiff's Complaint was dismissed as an impermissible shotgun pleading. ECF No. 2. On June 28, 2023, Plaintiff filed an Amended Complaint. ECF No. 6. On July 5, 2023, Equifax was served Plaintiff's *original* Complaint and not the operative Amended Complaint. ECF No. 8. On July 26, 2023, Plaintiff filed a waiver of service due to Equifax not being properly served the Amended Complaint. ECF No. 13.

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## COMPLAINT ¶1:

This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

## ANSWER:

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA") but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this Paragraph.

## COMPLAINT ¶2:

Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

97158385v.1

**COMPLAINT ¶3:**

Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

**ANSWER:**

Equifax admits that 15 U.S.C. § 1681e(b) provides: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Equifax denies the remaining allegations in this Paragraph.

**COMPLAINT ¶4:**

When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

**ANSWER:**

Equifax admits that 15 U.S.C. § 1681i states that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . ." Equifax further admits that 15 U.S.C. § 1681s-2(E)

provides "[a]fter receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall—(i) conduct an investigation with respect to the disputed information; (ii) review all relevant information provided by the consumer with the notice; . . . ."  Equifax denies the remaining allegations in this Paragraph and denies any violation of the law.

**COMPLAINT ¶5:**

The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**JURISDICTION**

**COMPLAINT ¶6:**

The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:**

Equifax admits that this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1681p.  Equifax denies the remaining allegations in this Paragraph.

97158385v.1

**COMPLAINT ¶7:**

The Plaintiff is a natural person and resident of Hillsborough County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, except admits, upon information and belief, that Plaintiff is an individual and qualifies as a natural person.

**COMPLAINT ¶8:**

Venue is proper in this District as Plaintiff resides within this District, Defendants transact business within this District, and the violations described in this Complaint occurred in this District.

**ANSWER:**

Equifax denies allegations in this Paragraph.

**COMPLAINT ¶9:**

Experian is a corporation incorporated under the State of California, authorized to do business in the State of Florida, through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶10:**

Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

5

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶11:**

Experian disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶12:**

Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

**ANSWER:**

Equifax admits that it maintains an address at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and that it may be served through its registered agent, Corporation Service Company.  Equifax denies the remaining allegations in this Paragraph.

**COMPLAINT ¶13:**

Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

97158385v.1

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax denies the remaining allegations in this Paragraph.

**COMPLAINT ¶14:**

Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax denies the remaining allegations in this Paragraph.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶15:**

Plaintiff is alleged to owe a debt to Verizon Wireless ("Verizon").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶16:**

Plaintiff does not owe any money to Verizon.

97158385v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶17:**

On August 19, 2022, Plaintiff obtained a copy of his Experian credit report and upon review he became aware of Experian reporting the Verizon partial account number 326206****. The account was being reported with a remark that it was a "collection account. $180 past due as of Jul 2022". Such inaccurate reporting negatively affected Plaintiff's credit score.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶18:**

Shortly thereafter, Plaintiff began to dispute with Experian online concerning the erroneous Verizon partial account number 326206****.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶19:**

Plaintiff felt defeated as the account continued to be reported despite his repeated disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

97158385v.1

**COMPLAINT ¶20:**

On November 30, 2022, Plaintiff obtained a copy of his Experian credit report. Upon review, the Verizon partial account number 326206**** was being now reported with the pay status of "Paid, was a collection account, insurance claim or government claim or was terminated for default". Plaintiff was surprised to see the account with such status as he never made any payments concerning the account. Additionally, when reviewing his November 2022 Experian credit report, it notated that the aforementioned account was disputed by the consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶21:**

On December 22, 2022, Plaintiff obtained a copy of his Equifax credit report. Upon review, the Verizon partial account number 326206**** was being reported with the account status of "Collection". Additionally, when reviewing his December 2022 Equifax credit report, it noted that the aforementioned account was disputed by the consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶22:**

On January 4, 2023, Plaintiff mailed a written letter to Experian and Equifax concerning the inaccurate reporting of the Verizon partial account number 326206****. Plaintiff reiterated that Plaintiff did not owe any money to Verizon. Included in the letter was an image of his driver's license to confirm his identity. Also, provided in the letter were images of his consumer credit report, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming that Verizon was to notify the credit bureaus to remove the account from being reported.

**ANSWER:**

Equifax admits that it received correspondence from Plaintiff in January of 2023.  Equifax states that the correspondence speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the correspondence and its attachments, Equifax denies the allegations in this Paragraph.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph.

**COMPLAINT ¶23:**

Plaintiff mailed the dispute letter via USPS Certified Mail to Experian 9214 8901 4298 0476 9903 01 and to Equifax 9214 8901 4298 0476 9901 65.

**ANSWER:**

Equifax admits that it received correspondence from Plaintiff in January of 2023.  Equifax states that the correspondence speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the correspondence and its attachments, Equifax denies the allegations in this Paragraph.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph.

**COMPLAINT ¶24:**

Despite USPS delivery confirmation, Experian failed to respond to Plaintiff concerning his dispute.

97158385v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**COMPLAINT ¶25:**

On February 1, 2023, Equifax responded to Plaintiff's dispute by stating that the Verizon account was verified as accurate.

**ANSWER:**

Equifax admits it completed a reasonable reinvestigation.  Equifax admits it timely provided Plaintiff the results of its reinvestigation.  Equifax states that the correspondence speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the correspondence and its attachments, Equifax denies the allegations in this Paragraph.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph.

**COMPLAINT ¶26:**

On April 5, 2023, Plaintiff mailed another detailed dispute letter to Experian and Equifax. Plaintiff continued to affirm to Defendants that he did not owe any money to Verizon. Included in the letter was an image of his driver's license to confirm his identity. Also, provided in the letter were images of his consumer credit report, a copy of his certified mail receipt, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming that Verizon was to notify the credit bureaus to remove the account from being reported.

**ANSWER:**

Equifax admits that it received correspondence from Plaintiff in April of 2023. Equifax states that the correspondence speaks for itself and to the extent Plaintiff

misstates, misquotes, or mischaracterizes the correspondence and its attachments, Equifax denies the allegations in this Paragraph. Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph.

## COMPLAINT ¶27:

Plaintiff mailed the dispute letter via USPS Certified Mail to Experian 9214 8901 4298 0481 0399 34 and to Equifax 9214 8901 4298 0481 0399 03.

## ANSWER:

Equifax admits that it received correspondence from Plaintiff in April of 2023. Equifax states that the correspondence speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the correspondence and its attachments, Equifax denies the allegations in this Paragraph. Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph.

## COMPLAINT ¶28:

On April 25, 2023, Experian acknowledged having received a request but failed to do an investigation claiming the request "does not appear to have been sent directly by you or to be authorized by you".

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

97158385v.1

**COMPLAINT ¶29:**

On May 4, 2023, Plaintiff received a response from Equifax in which the account was again verified as accurate and updated.

**ANSWER:**

Equifax admits it completed a reasonable reinvestigation. Equifax admits it timely provided Plaintiff the results of its reinvestigation. Equifax states that the correspondence speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the correspondence and its attachments, Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶30:**

On June 15, 2023, Plaintiff obtained a copy of his Experian and Equifax credit reports. Despite numerous disputes, Defendants continued to report the Verizon partial account number 326206****. Additionally, when reviewing his June 2023 credit reports, both were notated that the aforementioned account was disputed by the consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

**COMPLAINT ¶31:**

On June 22, 2023, Plaintiff mailed another detailed dispute letter to Experian and Equifax. Plaintiff continued to affirm to Defendants that he did not owe any money to Verizon. Included in the letter was an image of his driver's license to confirm his identity. Also, provided in the letter were images of his consumer credit report, copy of the results received, a phone call transcript between Plaintiff and Verizon and an email dated September 14, 2022, confirming that Verizon was to notify the credit bureaus to remove the account from being reported.

97158385v.1

**ANSWER:**

Equifax admits that it received correspondence from Plaintiff in June of 2023. Equifax states that the correspondence speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the correspondence and its attachments, Equifax denies the allegations in this Paragraph. Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph.

**COMPLAINT ¶32:**

Plaintiff mailed the dispute letter via USPS Certified Mail to Experian 9214 8901 4298 0485 5646 92 and Equifax 9214 8901 4298 0485 5666 72.

**ANSWER:**

Equifax admits that it received correspondence from Plaintiff in June of 2023. Equifax states that the correspondence speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the correspondence and its attachments, Equifax denies the allegations in this Paragraph. Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph.

**COMPLAINT ¶33:**

Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of this Complaint.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶34:**

Defendants have not conducted an actual investigation despite Plaintiff's pleas and instead repeatedly verified the inaccurate information it is reporting or ignored Plaintiff's disputes altogether.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶35:**

As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.    Monies lost by attempting to fix his credit;
ii.   Loss of time attempting to cure the errors;
iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant actions;
iv.   Reduction in credit score;
v.    Apprehensiveness to apply for credit due to the fear of rejection;
vi.   Defamation as Defendants published Plaintiff's inaccurate information to third party entities.
vii.  Plaintiff had actual damages in the form of paid postage, wasted paper and ink for the disputes, and wasted time because of Defendant's violations of the FCRA.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

**COMPLAINT ¶36:**

Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

15

**ANSWER:**

Equifax restates its responses to Paragraphs 1 through 35 as its responses to this paragraph as though fully set forth herein.

**COMPLAINT ¶37:**

Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

**COMPLAINT ¶38:**

As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

**COMPLAINT ¶39:**

Experian's conduct, action, and inaction was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

**COMPLAINT ¶40:**

Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**PLAINTIFF'S PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COUNT II**
**Violations of 15 U.S.C. § 1681e(b)**
**as to Defendant, Experian Information Solutions, Inc. (Willful)**

**COMPLAINT ¶41:**

Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

**ANSWER:**

Equifax restates its responses to Paragraphs 1 through 35 as though fully set

forth herein.

97158385v.1

**COMPLAINT ¶42:**

Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian's policies fail to mandate an independent investigation by its dispute investigators. Experian employs foreign investigators who by policy, are not allowed to communicate with the consumers disputing the inaccurate information during their investigations. Experian's policies fail to mandate an independent investigation by its dispute investigators.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

**COMPLAINT ¶43:**

Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

**COMPLAINT ¶44:**

Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

97158385v.1

**PLAINTIFF'S PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

### COUNT III
### Violations of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

**COMPLAINT ¶45:**

Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

**ANSWER:**

Equifax restates its responses to Paragraphs 1 through 35 as though fully set

forth herein.

**COMPLAINT ¶46:**

Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

19

**COMPLAINT ¶47:**

Plaintiff repeatedly provided Experian with the information it needed to confirm that the account did not belong to Plaintiff, including but not limited to an email from Verizon confirming the account was inaccurately being reported and relevant supporting documents. Experian ignored this information and instead chose to simply verify the information furnished by Verizon without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COMPLAINT ¶48:**

As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COMPLAINT ¶49:**

Experian's conduct, action, and inaction was negligent entitling Plaintiff to recover under 15 USC § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COMPLAINT ¶50:**

Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97158385v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**PLAINTIFF'S PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i**
**as to Defendant, Experian Information Solutions, Inc. (Willful)**

**COMPLAINT ¶51:**

Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

**ANSWER:**

Equifax restates its responses to Paragraphs 1 through 35 as though fully set

forth herein.

**COMPLAINT ¶52:**

Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file. Experian does not allow its dispute investigators to communicate with Plaintiff during its investigations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COMPLAINT ¶53:**

As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COMPLAINT ¶54:**

Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COMPLAINT ¶55:**

Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § § 1681n. WHEREFORE, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

97158385v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph.

**COUNT V**
**Violations of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services, LLC (Negligent)**

**COMPLAINT ¶56:**

Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

**ANSWER:**

Equifax restates its responses to Paragraphs 1 through 35 as though fully set

forth herein.

**COMPLAINT ¶57:**

Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax does not allow its' vendors dispute investigators to communicate directly with the consumers when conducting the alleged investigations.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶58:**

As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

97158385v.1

**COMPLAINT ¶59:**

Equifax's conduct, action, and inaction was negligent entitling Plaintiff to recover under 15 USC § 1681o.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶60:**

Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § § 1681o.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COUNT VI**
**Violations of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services, LLC (Willful)**

**COMPLAINT ¶61:**

Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

97158385v.1

**ANSWER:**

Equifax restates its responses to Paragraphs 1 through 35 as though fully set forth herein.

**COMPLAINT ¶62:**

Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax employs foreign investigators who by policy, are not allowed to communicate with the consumers disputing the inaccurate information during their investigations. Equifax's policies fail to mandate an independent investigation by its dispute investigators.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶63:**

As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶64:**

Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

97158385v.1

**COMPLAINT ¶65:**

Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**PLAINTIFF'S PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COUNT VII**
**Violations of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services, LLC (Negligent)**

**COMPLAINT ¶66:**

Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

**ANSWER:**

Equifax restates its responses to Paragraphs 1 through 35 as though fully set

forth herein.

**COMPLAINT ¶67:**

Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶68:**

Plaintiff repeatedly provided Equifax with the information it needed to confirm that the account did not belong to Plaintiff, including but not limited to an email from Verizon confirming the account was inaccurately being reported and relevant supporting documents. Equifax ignored this information and instead chose to simply verify the information furnished by Verizon without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶69:**

As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶70:**

Equifax's conduct, action, and inaction was negligent, rendering it liable for actual or statutory damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶71:**

Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**PLAINTIFF'S PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COUNT VIII**
**Violations of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services, LLC (Willful)**

**COMPLAINT ¶72:**

Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

**ANSWER:**

Equifax restates its responses to Paragraphs 1 through 35 as though fully set forth herein.

**COMPLAINT ¶73:**

Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

97158385v.1

**COMPLAINT ¶74:**

Plaintiff repeatedly provided Equifax with the information it needed to confirm that the account did not belong to Plaintiff, including but not limited to an email from Verizon confirming the account was inaccurately being reported and relevant supporting documents. Equifax ignored this information and instead chose to simply verify the information furnished by Verizon without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶75:**

As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶76:**

Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶77:**

Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

97158385v.1

**PLAINTIFF'S PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff, BLAKE WARNER, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER:**

Equifax denies the allegations in this Paragraph.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, BLAKE WARNER, demands judgment for actual, statutory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC; for his attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

97158385v.1

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## **FIRST DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED: August 7, 2023          Respectfully submitted,

By: /s/ Nicole Sieb Smith
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Telephone: 850.222.6550

31

Facsimile:  850.222.8783

*Counsel for Defendant*
*Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Nicole Sieb Smith*
Nicole Sieb Smith
*Counsel for Defendant*
*Equifax Information Services LLC*

97158385v.1
18226568.v1
18226568.v1