UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO. 8:23-CV-01411-KKM-JSS

BLAKE WARNER,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC

    Defendants.

**JOINT MOTION FOR LEAVE TO
CONDUCT MEDIATION REMOTELY VIA VIDEO-CONFERENCE**

Plaintiff, Blake Warner (hereinafter, "Plaintiff"), and Defendant, Experian Information Solutions, Inc. (hereinafter, "Experian"), (collectively with Plaintiff, the "Parties"), respectfully request leave of Court to conduct the mediation in this action via video-conference. In support, the Parties jointly state:

On August 24, 2023, the Court entered its *Case Management and Scheduling Order* and referred the parties to mediation, setting a mediation deadline of January 25, 2024. ECF Nos. 27. The parties believe an early mediation will be productive and therefore scheduled the mediation for November 14, 2023, before Emmett Battles, Esq.

Experian will incur significant travel expenses if its client representative and attorneys are required to travel to Tampa, Florida to participate in the in-person mediation. And Experian's counsel and corporate representative live and work

outside of Tampa, Florida.[1] Thus, an in-person mediation conference would require travel.

The parties' goal of conserving costs and expenses associated with litigation would be furthered by allowing the parties to conduct the mediation via video-conference. Furthermore, the parties agree that a remote mediation will be just as effective as an in-person mediation.

The Parties conferred with the mediator in this case, Mr. Battles, and confirmed that he is willing and able to conduct the mediation remotely via Zoom if the Court grants this Motion.

## MEMORANDUM IN SUPPORT

Although M.D. Fla. L.R. 4.03(d) requires in-person attendance at mediation, district courts have authority to manage their cases in an effort to conduct litigation efficiently. *See, e.g.*, *Bethel v. Baldwin County Bd. of Education*, 371 Fed. Appx. 57, 62 (11th Cir. 2010) (finding district courts have inherent authority to provide for "the efficient disposition of litigation"); *see also Carson v. Polley*, 689 F.2d 562, 585 (5th Cir. 1982). Further, the use of telephonic hearings are encouraged where feasible, especially where parties to litigation and their counsel are located in cities and states outside of the seat of such litigation and requiring them to travel to Florida would create undue hardship. *See Arthrex Inc. v. Parcus Med., LLC,* No. 2:11-cv-694-FtM-29SPC, 2012 U.S. Dist. LEXIS 36298, at *2 (M.D. Fla. Mar. 20, 2012) (finding same).

---

[1] Experian's counsel lives and works in Miami, Florida; Experian's corporate representative lives and works in Costa Mesa, California.

As this Motion sets forth good cause for the relief sought, and neither the Parties nor these proceedings would be prejudiced, the granting of this Motion would be an appropriate exercise of the Court's discretion.

WHEREFORE, the Parties respectfully request an Order granting them leave to conduct the mediation in this action remotely via video-conference, as well as any other such relief the Court deems just and proper.

### 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the Parties have conferred, and the Parties agree to the relief sought herein.

DATED: October 6, 2023.

Respectfully submitted,

| | |
|---|---|
| /s/ *Octavio Gomez* | /s/ *Maria H. Ruiz* |
| Octavio Gomez | Maria H. Ruiz |
| Florida Bar Number 338620 | Florida Bar No. 182923 |
| The Consumer Lawyers | KASOWITZ BENSON TORRES LLP |
| 412 E. Madison St., Suite 916 | 1441 Brickell Avenue, Suite 1420 |
| Tampa, FL 33602 | Miami, FL 33131 |
| (813) 299-8537 | (786) 587-1044 |
| Email: tav@theconsumerlawyers.com | Facsimile: (305) 675-2601 |
| | MRuiz@Kasowitz.com |
| **Attorney for Plaintiff** | **Attorney for Defendant** |
| | **Experian Information Solutions, Inc.** |